UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA KIDWELL-BERTAGNOLLI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, et al.,<br><br>Defendants. | Case No. 20-cv-03291-JSC<br><br>**ORDER RE: MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 31 |

Plaintiffs Patricia Kidwell-Bertagnolli, Dwaye Bertagnolli, and Jane Besaw bring this wrongful death Section 1983 action following the death of Geoffrey Wise Bertagnolli while in Sonoma County Sheriff's Office custody. The Court previously granted in part and denied in part Defendants' motion to dismiss the complaint. (Dkt. No. 23.) Plaintiffs thereafter filed an amended complaint, which Defendants again moved to dismiss, and a motion for leave to file a second amended complaint. (Dkt. Nos. 30, 31.) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the November 5, 2020 hearing, and GRANTS the motion to amend the complaint and DENIES the motion to dismiss as moot.

**DISCUSSION**

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend a pleading before trial "with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Though Rule 15(a) is "very liberal ... a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Undue delay cannot alone justify

the denial of a motion to amend. *Owens v. Kaiser Foundation Health Plan, In*c., 244 F.3d 708, 712–13 (9th Cir. 2001). The most important factor is prejudice to the opposing party. *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330–31 (1971). A "determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc*., 170 F.3d 877, 880 (9th Cir. 1999).

Plaintiffs seek leave to amend their complaint to (1) allege additional facts and plead claims for excessive force, integral participation, failure to intervene, battery, and additional theories of *Monell* liability; (2) remove their claims for deliberate indifference and violation of the Americans with Disabilities Act; and (3) dismiss claims against the Sonoma County Sheriff's Office and Sheriff Essick in his official capacity. In the Court's prior Order granting in part and denying part Defendants' motion to dismiss, the Court prohibited Plaintiffs from pleading additional claims in their amended complaint without leave of the Court. Plaintiffs sought Defendants' stipulation to the amendment, but Defendants declined to stipulate and instead filed the now pending motion to dismiss the First Amended Complaint. (Dkt. No. 31-1 at ¶¶ 2-4.)

The Court concludes that amendment is proper here. First, there is no evidence of material prejudice to Defendants. *See Owens*, 244 F.3d at 712 (finding appellants suffered no prejudice when appellee amended its answer because there was no delay in proceedings or additional discovery required). The case is in its early stages and Plaintiffs sought Defendants stipulation to the amendment prior to Defendants' filing of the pending motion to dismiss. That Defendants nonetheless elected to file the motion to dismiss was their own choice and any delay caused by amendment and likely further motion practice will not be significant. Likewise, that Defendants will have to conduct additional investigation into Plaintiffs' expanded claims does not demonstrate prejudice where, as here, the case is in its early stages, no discovery has occurred, and the new claims all arise out of the same incident.

Second, there is no evidence of bad faith. *See Owens*, 244 F.3d at 712 (finding no evidence of bad faith because appellee offered "substantial competent evidence" as to why it delayed in filing a motion to amend). While Plaintiffs could have sought leave to file the proposed amended complaint prior to filing their amended complaint on September 10, 2020, there is no suggestion

that they acted in bad faith in not doing so—as opposed to simply running out of time to do so.

Third, there is no evidence of undue delay.  Plaintiffs provided Defendants with the proposed amended complaint the same day they filed their amended complaint—21 days after the Court's dismissal order.  (Dkt. No. 31-1 at ¶ 2.)

Finally, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal quotations omitted). "The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011), on reh'g en banc, 681 F.3d 1041 (9th Cir. 2012) (internal citation and quotation marks omitted). The Court therefore "must accept as true all factual allegations in the [proposed] complaint," as it would on a Rule 12(b)(6) motion. *See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of A*m., 768 F.3d 938, 945 (9th Cir. 2014).  Here, there is nothing to suggest that amendment of Plaintiffs' complaint to add these allegations and claims would be futile; indeed, Defendants do not argue futility.

Accordingly, the balance of factors supports granting Plaintiffs leave to amend under Rule 15(a)(2).

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to amend is GRANTED.  Plaintiffs shall file the proposed amended complaint within 3 court days.

Defendants' motion to dismiss is DENIED as moot.

This Order disposes of Docket Nos. 30 and 31.

**IT IS SO ORDERED.**

Dated: October 26, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3